**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-5000**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

VAN MILTON COLE, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge. (1:08-cr-00361-WO-1)

Submitted: July 9, 2013            Decided: July 18, 2013

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Van Milton Cole, Jr., appeals the 105-month sentence imposed following this court's remand for resentencing in accordance with the Fair Sentencing Act of 2010 (FSA). Cole's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court on remand was procedurally reasonable. Although Cole was informed of his right to file a supplemental pro se brief, he has not done so. Finding no error, we affirm.

In the Anders brief, counsel first contends that the district court procedurally erred by failing to account for the factors listed in U.S. Sentencing Guidelines Manual (USSG) § 5K1.1(a) (2009) in determining the extent of the downward departure awarded on remand. We have jurisdiction to consider Cole's appeal of the extent of the district court's downward departure sentence only if it "resulted in a sentence imposed in violation of law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995); see 18 U.S.C. § 3742(a) (2006). Section 5K1.1(a) of the Guidelines enumerates a non-exclusive list of factors the district court "may" consider in ruling on a downward departure motion. Upon review, we conclude that the downward departure sentence imposed by the district court was not contrary to law

2

and that the court correctly applied USSG § 5K1.1(a) in considering the downward departure motion.

Counsel next contends that the district court procedurally erred by failing to fully address the 18 U.S.C. § 3553(a) (2006) factors in imposing his sentence on remand. In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (citation and footnote omitted)). With the above standards in mind, we conclude that the district court adequately considered the § 3553(a) factors and therefore did not abuse its discretion in imposing Cole's sentence on

remand.  See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Cole, in writing, of his right to petition the Supreme Court of the United States for further review.  If Cole requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cole.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4